UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAMONT HAMILTON,

    Plaintiff,

vs.

Case No. 05-CV-70313
HON. GEORGE CARAM STEEH

TADARIAL J. STURDIVANT,
in his official capacity as
Director of the Michigan State Police,

    Defendant.

_____/

## ORDER DENYING REQUEST FOR EXTENSION OF TIME TO SHOW CAUSE (#22) AND DISMISSING PLAINTIFF'S CLAIMS ON FAILURE TO TIMELY SHOW CAUSE AS ORDERED ON NOVEMBER 1, 2005 (#21)

Plaintiff Lamont Hamilton, appearing pro per, was ordered on November 1, 2005 to show cause in a writing filed with the court on or before December 1, 2005 why his state and federal constitution claims seeking injunctive and declaratory relief enjoining enforcement of Michigan's Sex Offender's Registration Act, M.C.L. § 28.721 et seq., should not be dismissed in that plaintiff has failed to allege a colorable claim after twice fully briefing the relevant issues to this court. The court has twice found plaintiff's claims to be without legal merit. See February 11, 2005 and November 1, 2005 Orders. Plaintiff did not timely respond to the November 1, 2005 Show Cause Order, but instead filed a December 2, 2005 request for a 45-day extension of time to show cause, and a 20-page extension of the 10-page limitation, to 30-pages.

As the court informed the parties in the November 1, 2005 Opinion and Order:

> Plaintiff's complaint, motion for a temporary restraining order, and motion for preliminary/permanent injunction and declaratory relief raise purely legal issues, which have now twice been thoroughly briefed by both parties and

> addressed by this court. Plaintiff has failed to state a claim upon which declaratory or injunctive relief may be granted as a matter of law. See Rule 12(b)(6); Conley v. Gibson, 355 U.S. 41, 45-46 (1957) ("[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"). Plaintiff's claims are ripe for dismissal and entry of a final appealable order.
>
> Defendant has not moved to dismiss plaintiff's claims. "Dismissals by a district court on its own initiative are disfavored." United Brotherhood of Carpenters and Joiners of America, Dresden Local No. 267 v. Ohio Carpenters Health and Welfare Fund, 926 F.2d 550, 557 (6th Cir. 1991). Where the parties have fully briefed the issues and the court has stated its reasons for dismissal, a district court is cautioned to notify all parties of its intent to dismiss the complaint, giving the plaintiff time to respond to the court's reasons for sua sponte dismissal. Id. at 557-58.

November 1, 2005 Order, at 14.

Plaintiff was given notice of the court's intent to dismiss his claims, and nearly a month to respond with reasons why his claims should not be dismissed. Plaintiff failed to file a timely response to the show cause order. In moving on December 2, 2005 for a 45-day extension of time to file a response, plaintiff fails to articulate any reason, beyond conclusionary assertions, why his claims should not be dismissed as reasoned in the court's prior Opinions and Orders.

Generally, a court may not sua sponte dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff notice of the intent to dismiss. United Brotherhood of Carpenters and Joiners of America, 926 F.2d at 557-558; Tingler v. Marshall, 716 F.2d 1109, 1111-12 (6th Cir. 1983). However, a district court may sua sponte dismiss a complaint, even without notice, when the allegations of a complaint are devoid of merit or no longer open to discussion. Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999). On being notified of the court's intent to dismiss, plaintiff has failed to show cause why his claims should not be dismissed. As set forth in the court's prior written Opinions, plaintiff's claims are without legal merit, and are no longer open to reasonable

2

legal discussion.  Accordingly,

Plaintiff Lamont Jordan's request for extension of time to show cause, and request for extension of response brief page limitation, are hereby DENIED.  Plaintiff's claims are hereby DISMISSED with prejudice on failure to show cause as required under the court's November 1, 2005 Order.

SO ORDERED.

>s/George Caram Steeh
>GEORGE CARAM STEEH
>UNITED STATES DISTRICT JUDGE

Dated:  December 6, 2005

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on December 6, 2005, by electronic and/or ordinary mail.

>s/Josephine Chaffee
>Secretary/Deputy Clerk